Matthew R. Gershman (CA Bar No. 253031)
gershmanm@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, St. 1900
Los Angeles, California 90067
(310) 586-7700 (T)
(310) 586-7800 (F)

James J. Lukas, Jr. (*pro hac vice* to be filed)
lukasj@gtlaw.com
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
(312) 456-8400 (T)
(312) 456-8435 (F)

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WI-LAN, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS, INC., et al.,<br><br>　　　　Defendants. | CASE NO. 3:17-cv-00358-BEN-BGS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' EX PARTE MOTION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD**<br><br>Judge:　　Hon. Roger T. Benitez<br><br>Complaint Filed:　　February 22, 2017 |

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc. and LG Electronics Mobilecomm U.S.A., Inc. (collectively, "Defendants") respectfully submit the following Memorandum of Points and Authorities in support of their Ex Parte Motion for an Extension of Time to Answer or Otherwise Plead.

## I.   INTRODUCTION

As of the filing of this motion, the two U.S. defendants (*i.e.*, LG Electronics U.S.A., Inc. and LG Electronics Mobilecomm U.S.A., Inc.) have been served but have not filed their answer or responsive pleading. The third defendant, LG Electronics, Inc. ("LGE"), a foreign entity, has not yet been served. In conjunction with the filing of this motion, LGE agrees to waive service of summons, and, as a foreign entity it would have 90 days from Plaintiffs' April 3, 2017, request for waiver to answer or otherwise respond to the complaint pursuant to Federal Rule of Civil Procedure 4 (d)(3).

Defendants' requested extension is therefore shorter than what foreign defendant LGE is entitled to, and the requested extension would set the responsive pleading deadline for all of Defendants to be the same so that all of Defendants' responses may be consolidated in furtherance of judicial economy. Accordingly, Defendants respectfully request an extension of time within which Defendants have to answer or otherwise plead to the Complaint, to and including May 22, 2017.

## II.   FACTUAL BACKGROUND

Plaintiffs filed their Complaint on February 22, 2017. (*See generally*, Complaint, Dkt. No. 1.) Plaintiffs' action is for patent infringement as a result of the alleged infringement by Defendants. (*Id*.) The Complaint asserts four counts of patent infringement and raises potential issues of liability and damages. (*Id*.)

On March 2, 2017, and March 3, 2017, Plaintiffs returned executed services of summons that were served on the two defendants that reside in the United States, namely, Defendants LG Electronics U.S.A., Inc. and LG Electronics Mobilecomm U.S.A., Inc. (*See* Dkt. Nos. 11, 12.) According to the returned summonses, Defendants LG

Electronics U.S.A., Inc. and LG Electronics Mobilecomm U.S.A., Inc. were served on March 1, 2017, and their answers or responsive pleadings were due on March 22, 2017. Defendant LGE, a foreign entity, has not yet been served by Plaintiffs. (Declaration of James J. Lukas, Jr. ("Lukas Decl.") ¶ 2.)

Defendants only recently retained litigation counsel in this case. (*Id*. ¶ 3.) Counsel has begun to analyze the issues in this case, and reasonably requires additional time to evaluate the claims and potential defenses, and to prepare Defendants' responsive pleadings to the Complaint. (*Id*. ¶ 4.)

On April 3, 2017, Plaintiffs requested a waiver of service of summons from Defendant LGE, a foreign entity that has not yet been served. (*Id*. ¶ 5.) If LGE agrees to waive service of summons, as a foreign entity it would have 90 days from Plaintiffs' request for waiver to answer or otherwise respond to Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 4 (d)(3).

Plaintiffs also stated that they would not oppose all of the Defendants moving for a 30 day extension, provided Defendants agreed not to file any Rule 12(b) motions to dismiss in response to Plaintiffs' Complaint. (*Id*.)

Defendants' counsel stated that Defendant LGE would agree to waive service of summons provided that Plaintiffs agreed to a 60-day extension for all Defendants to answer or otherwise respond. (*Id*. ¶ 6.) But Plaintiffs would not agree—notwithstanding that the requested 60 days was less than what the foreign defendant would be allowed— and instead indicated they would consider only a 45-day extension with the same Rule 12(b) conditions because, according to Plaintiffs, they wanted to keep this action on a similar track as another case involving other defendants. (*Id*.) Unable to reach agreement, this motion followed, and is being brought on an ex parte basis. (*Id*. ¶ 10.)

To be clear, Defendant LGE will agree to waive service of summons, which entitles it to 90 days from Plaintiffs' request, to answer or otherwise respond, *i.e.*, July 3, 2017. (*Id*. ¶ 7.) Accordingly, Defendants' requested extension is shorter than what Defendant LGE is entitled to under the Rules. As for the other defendants, the requested

extension furthers judicial economy by single-tracking the various responses to the complaint, such that all of Defendants' responsive pleadings are consolidated for filing on the same day.

Defendants have not requested any prior extensions from the Court. (*Id.* ¶ 8.) Defendants' request for an extension is made in the interests of justice, and not for the purposes of delay. (*Id.* ¶ 9.)

## III. ARGUMENT

Good cause for an extension of time exists here. Defendants have only recently retained litigation counsel in this case. (Lukas Decl. ¶ 3.) Counsel has begun to analyze the issues in this case, and reasonably requires additional time to evaluate the claims and potential defenses, and to prepare Defendants' responsive pleadings to the Complaint. (*Id.* ¶ 4.) Indeed, Plaintiffs have already offered Defendants a 30-day extension and said they would consider a 45-day extension, albeit subject to certain pleading limitations. (*Id.* ¶ 5.)

Moreover, Defendants' counsel stated in an email to Plaintiffs' counsel that Defendant LGE would agree to waive service of summons provided that Plaintiffs agreed to a **60-day** extension for all Defendants to answer or otherwise respond. (*Id.* ¶ 6.) LGE has subsequently agreed to waive service of summons, which entitles it to **90 days** from Plaintiffs' request to answer or otherwise respond, *i.e.*, July 3, 2017. (*Id.* ¶ 7.) Accordingly, Defendants' requested extension is ***shorter*** than what Defendant LGE is entitled to, and is aimed to ensure that all of Defendants' responsive pleadings are consolidated for filing by the same day.

Lastly, Defendants' request for an extension is not made for the purposes of delay. (*Id.* ¶ 9.) Plaintiffs would not be prejudiced by the requested extension. Illustrating the point, the sole reason for not agreeing to a 60-day extension (instead of 45 days) was apparently because of the schedule in another case having nothing to do with Defendants here. (*Id.* ¶ 6.). Accordingly, Defendants' request for an extension of time to answer or otherwise plead should be granted.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Ex Parte Motion for an Extension of Time to Answer or Otherwise Plead, and extend the time within which Defendants have to answer or otherwise plead to the complaint, to and including May 22, 2017.

DATED: April 7, 2017                    GREENBERG TAURIG, LLP

By:   /s/ Matthew R. Gershman
      Attorneys for Defendants
      e-mail: gershmanm@gtlaw.com