UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Wi-LAN, INC., et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS, INC, et al,<br><br>　　　　　　　　　　Defendants. | Case No.: 17cv0358-BEN-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[ECF NO. 83]** |

## BACKGROUND

Before the Court is the Joint Motion of the parties to determine a discovery dispute filed initially on January 11, 2018. (ECF Nos. 71-73). The entirety of the motion was lodged with the Court together with a motion to seal the whole package from public view. (*Id.*). On January 16, 2018, the Court granted in part and denied in part the motion to seal ordering that a redacted public version of the motion and supporting materials be filed no later than January 26, 2018. (ECF No. 77). The redacted version, as well as another sealed version, were filed that date. The sealed motion is located at ECF No. 79, the public version is at ECF No. 83.

The Joint Motion presents Plaintiffs' motion to compel additional

1

responses to five Interrogatories (3, 4, 6, 8, 10) and twelve Requests for Production (20, 23, 27, 30, 34-36, 46-48, 50, 51). Defendants assert that with the possible exception of Interrogatory 3, Plaintiffs' motion is not timely. Plaintiffs disagree.

## DISCUSSION

A. <u>Timeliness</u>

Section IV.C.2 of the Court's civil chambers rules provides:

> Any motion related to discovery disputes must be filed no later than thirty (30) days after the date upon which the event giving rise to the dispute occurred. For oral discovery, the event giving rise to the dispute is the completion of the transcript of the relevant portion of the deposition. For written discovery, the event giving rise to the discovery dispute is the date of service of the response, **not** the date on which counsel reach an impasse in meet and confer efforts.

All of the Magistrate Judges of this Court have some version of this rule. This Court adopted the rule so that disputes timely would be brought before the Court and to minimize the possibility that discovery disputes, left until the last minute, would derail the overall case schedule. Also, by requiring the joint motion to be brought within 30 days, or a motion to extend the deadline to accommodate further efforts to resolve disputes, the Court would have insight into the relationship of the parties regarding discovery, and be in a position to intervene early. The Court has and will continue to enforce this rule absent some manifest prejudice to a party.

Plaintiffs served the Interrogatories and Requests for Production at issue on August 16, 2017. Defendants served their initial responses on October 6, 2017. Defendants assert that they did not supplement their responses to the Requests for Production. Plaintiffs appear to concede the point, arguing that Defendants agreed to supplement the responses but never

1  did. Defendants admit that their response to Interrogatory 3 was
2  supplemented on November 10, 2017, December 4, 2017, December 12, 2017,
3  and on January 9, 2018. Defendants supplemented their response to
4  Interrogatory 4 on November 10, 2017, Interrogatory 8 on November 20,
5  2017, and Interrogatory 10 on December 4, 2017. (ECF No. 73 at 2).[1]

Plaintiffs argue that the motion is timely because it was filed within 30 days of the latest supplement, placing all the discovery responses in issue. Plaintiffs also argue that the dispute arose when Defendants failed to continue to supplement responses.

The Court finds that the motion is not timely. The 30-day period cannot be construed to restart with each supplementary production or response. The consequence of construing the rule in that manner is that the Court loses the ability to manage the discovery process. Disputes could pile up and when finally brought could interfere with overall case management. Also, the Court would not know that there are disputes pending allowing the Court, if necessary, to have a discovery conference or hearing with the parties.

The Court has reviewed the substance of the disputes and finds that denying the motion does not prejudice Plaintiffs. Defendants continue to have the duty to supplement their production and responses under Fed. R. Civ. P. 26(e), upon pain of serious sanctions under Rules 26(g) and 37.

B. <u>Compliance with Rule 34</u>

Although the Court is denying the motion on timeliness grounds, the Court has serious concerns with Defendants rather cavalier approach to the requirements of Fed. R. Civ. P. 34, which governs requests for production. A

---

[1] The Court will refer to pagination supplied by CM/ECF rather than original pagination throughout.

party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id*. An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id*.

Defendants' responses to each Request for Production is deficient. Defendants recite meaningless, boilerplate objections and do not indicate whether documents are being withheld pursuant to any of the objections. Defendants assert privilege without complying with the requirements of Rule 26(b)(5), which requires a party asserting privilege to expressly make it and identify the information withheld. And, Defendants appear neither to produce documents nor state when they will. All they agree to do is to talk about it.

Consequently, although the Court is denying the instant Joint Motion, the Court will order Defendant, to the extent that it has not done so, to identify whether it is withholding any responsive documents and, if so, to identify the basis for the withholding. To the extent that Defendants have not completed their production of responsive, non-privileged documents, they must specify a reasonable date by which they will do so. Plaintiffs will be given leave to challenge Defendants responses as provided herein.

4

17cv358-BEN-MDD

# CONCLUSION AND ORDER

Plaintiffs' Motion to Compel, as presented in the instant Joint Motion for Determination of Discovery Dispute, is **DENIED** as untimely. Nevertheless, Defendants are **ORDERED** to identify whether they are withholding any documents responsive to the Requests for Production in issue and identify the objection pursuant to which they are withholding documents. To the extent that Defendants are continuing to produce documents pursuant to these Requests for Production, Defendants must identify a reasonable date by which production will be completed. Defendants must provide this information to Plaintiffs within 14 days of this Order. The parties are given leave to bring a further joint motion to the Court, in compliance with this Court's chambers rules, to determine any dispute regarding Defendants responses required by this Order.

**IT IS SO ORDERED.**

Dated: February 6, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge