Richard D. Harris (*Pro Hac Vice*)
James J. Lukas, Jr. (*Pro Hac Vice*)
Callie J. Sand (SBN 293888)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: 312.456.8400
Facsimile: 312.456.8435
harrisr@gtlaw.com
lukasj@gtlaw.com
sandc@gtlaw.com

Joseph S. Leventhal (SBN 221043)
Joseph.leventhal@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 840
San Diego, CA 92101
(619) 356-3518 (T)/(619) 400-0501 (F)

*Attorneys for Defendants LG Electronics, Inc.; LG Electronics U.S.A., Inc.; and LG Electronics Mobilecomm U.S.A., Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Wi-LAN Inc.; Wi-LAN USA, Inc.; & Wi-LAN Labs, Inc.,<br><br>    Plaintiffs,<br><br>v.<br><br>LG Electronics, Inc.; LG Electronics U.S.A., Inc.; and LG Electronics Mobilecomm U.S.A., Inc.,<br><br>    Defendants. | CASE NO.  3:17-cv-00358-BEN-MDD<br><br>**LG'S MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT OF ITS MOTION TO STAY THE CASE PENDING INTER PARTES REVIEW**<br><br>JUDGE:  Roger Benitez<br>MAGISTRATE JUDGE: Mitchell D. Dembin |

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.   FACTUAL BACKGROUND ............................................................................. 2

    A.   The Case Is In Its Early Stages ................................................................ 2

    B.   The IPRs Challenge All Asserted Claims (Many On Multiple Grounds) And Will Likely Affect Claim Construction Issues ................ 3

    C.   The Four Asserted Patents Claim Priority Back Many Years. .................. 4

III.  LEGAL STANDARDS ...................................................................................... 5

    A.   The Leahy-Smith America Invents Act (AIA) *Inter Partes* Review Process ......................................................................................... 5

    B.   A Stay Of Litigation Pending IPR Proceedings. ...................................... 5

III.  ARGUMENT ...................................................................................................... 6

    A.   The IPRs Will Significantly Simplify The Issues In This Case And Reduce The Burden On This Court And The Parties ....................... 6

    B.   The Court Has Not Entered A Post-Claim Construction Hearing Schedule, The Close Of Discovery Has Not Been Set, And There Is No Trial Date. ............................................................................ 7

    C.   A Stay Will Not Cause Wi-LAN Any Undue Prejudice. .......................... 9

IV.   CONCLUSION ................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Aylus Networks, Inc. v. Apple, Inc.*,
856 F.3d 1353 (Fed. Cir. 2017) ................................................................................ 5, 7

*Chrimar Sys. Inc v. Ruckus Wireless, Inc.*,
No. 16-CV-00186-SI, 2016 WL 5403595 (N.D. Cal. Sept. 26, 2016) ....................... 6, 9

*Delphix Corp. v. Actifio, Inc.*,
No. 13-CV-04613-BLF, 2014 WL 6068407 (N.D. Cal. Nov. 13, 2014) ....................... 7

*DSS Tech. Mgmt., Inc. v. Apple, Inc.*,
No. 14-CV-05330-HSG, 2015 WL 1967878 (N.D. Cal. May 1, 2015) .................. 6, 8, 9

*Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1988) ...................................................................................... 5

*Finjan, Inc. v. Symantec Corp.*,
139 F. Supp. 3d 1032 (N.D. Cal. 2015) ...................................................................... 6, 9

*FlowRider Surf, Ltd. v. Pac. Surf Designs, Inc.*,
No. 315CV01879BENBLM, 2017 WL 2349031 (S.D. Cal. May 26, 2017)
(Benitez, J.) .................................................................................................................... 8

*Irori Techs., Inc. v. Luminex Corp.*,
No. 13-CV-2647-BEN (JLB), 2014 WL 12279505 (S.D. Cal. July 16,
2014) (Benitez, J.) ............................................................................................... 5, 6, 7, 8

*Oyster Optics, LLC, v. Ciena Corp.*,
No. 17-cv-05920-JSW, slip. op. (N.D. Cal. Jan. 29, 2018) ........................................ 6, 7

*Security5, LLC v. Revolar, Inc.*,
No. 16-CV-1645 DMS (JLB), 2017 WL 2424067 (S.D. Cal. June 2, 2017) ................. 8

*Software Rights Archive, LLC v. Facebook, Inc.*,
No. C-12-3970 RMW, 2013 WL 5225522 (N.D. Cal. Sept. 17, 2013) ......................... 9

*TAS Energy, Inc. v. San Diego Gas & Elec. Co.*,
No. 12CV2777-GPC BGS, 2014 WL 794215 (S.D. Cal. Feb. 26, 2014) ........... 5, 6, 8, 9

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014) .................................................................................... 10

**Federal Statutes**

35 U.S.C. § 102 ................................................................................................................. 5

35 U.S.C. § 314 ................................................................................................................. 4

35 U.S.C. § 315 ................................................................................................................. 5

35 U.S.C. § 316 ................................................................................................................. 4

**Regulations**

37 C.F.R. § 42.107 ............................................................................................................ 4

## I.  INTRODUCTION

Plaintiffs Wi-LAN, Inc., Wi-LAN USA, Inc., and Wi-LAN Labs, Inc. (collectively, "Wi-LAN") assert four patents and nearly 50 claims in this case, resulting in an unwieldy set of issues for both this Court and the Parties.  To resolve this case without further burdening the Court, or, at the very least, to significantly limit the scope of this case, LG recently filed several *inter partes* review petitions, covering every asserted patent and all asserted claims.  LG now moves to stay this case pending *inter partes* review ("IPR").  Courts in this District use a three-factor test when deciding whether to stay proceedings and all three factors favor granting a stay here.

*First,* a stay will very likely simplify the issues and reduce the burden on this Court and the Parties.  The IPR petitions cover every asserted claim, and most of the claims are challenged on multiple grounds.  Thus, even if some of the grounds are not instituted, and even if some claims survive, the IPR proceedings will likely drastically streamline the scope of this case.  The IPR proceedings will also significantly change the case's landscape. Twelve claim terms are currently in dispute in the claim construction proceedings and it is likely that the IPR proceedings may moot many (if not all) of these claim construction issues.  It is also likely that Wi-LAN's statements and amendments, including any pre-institution statements, may alter the claim scope of certain terms as Wi-LAN's actions become part of the patents' prosecution histories.  Thus, in addition to the likelihood that many of disputed terms may be mooted, for any remaining disputed terms, the prosecution history record will change.

*Second,* discovery is ongoing and there is no trial date yet in this case.  The Parties have taken no depositions, and the Court has not yet entered a schedule setting ***any*** deadlines following the Claim Construction hearing, currently scheduled in late April.  There are four patents, only two of which are related.  Further, there are nine different inventors (potentially requiring at least nine depositions).  For both discovery and pre-trial procedure, this Court and the Parties have much more ahead of them, than behind them, in this case.  As discussed below, numerous courts in this District and in other districts

within this Circuit have granted stays at this stage in the case.

**Third,** Wi-LAN will not suffer any undue prejudice from a stay. Wi-LAN is a licensing entity that seeks only licensing royalties and has not moved for a preliminary injunction. LG is not a competitor of Wi-LAN, let alone a direct competitor. Further, all of the patents in this case are the result of Wi-LAN's and its predecessors' decade-long continuation practices before the Patent Office. Consistent with Wi-LAN's positions in this case, Wi-LAN and its predecessors could have received (and could have asserted) these claims much sooner, when the subject matter of the claims was allegedly invented. In these circumstances, Wi-LAN cannot credibly claim undue prejudice.

## II.   FACTUAL BACKGROUND

### A.   The Case Is In Its Early Stages.

Wi-LAN sued LG for infringement of U.S. Patent No. 8,787,924 (the "'924 patent"), U.S. Patent No. 9,497,743 (the "'743 patent"), U.S. Patent No. 9,226,320 (the "'320 patent"), and U.S. Patent No. 8,867,351 (the "'351 patent") on February 22, 2017. (Compl., Dkt. No 1.) Wi-LAN served LG on or around March 2, 2017. (Dkt. No. 11.)

A case management schedule was entered on August 11, 2017. (Dkt. No. 40.) And, three months after the schedule was entered, the Parties jointly moved this Court for an extension to the scheduling order. (Dkt. No. 44 (filed November 2, 2017).) The new scheduling order was entered on November 7, 2017. (Dkt. No. 46.)[1] No trial date has been set in this case and there is no date for the close of discovery.

Wi-LAN moved in early January for a retroactive extension of time to Answer LG's First Amended Complaint (Dkt. No. 66), but Wi-LAN's motion was denied. (Dkt. No. 70.) However, on January 9, 2018, LG filed its Second Amended Answer and Counterclaims to the Complaint. (Dkt. No. 68.) On **January 23, 2018**, Wi-LAN answered the Second Amended Complaint. (Dkt. No. 82.) Thus, the pleadings in this case only recently closed.

---

[1] The only other event that occurred during this three-month period after the first scheduling order was entered was the Parties and non-party Qualcomm moving for entry of protective orders. (Dkt. Nos. 41-43.)

While a limited amount of written discovery has occurred, neither party has taken a deposition yet and expert discovery has not started. LG anticipates needing numerous depositions, including the depositions of most, if not all, of the *nine* inventors.

The Parties also recently filed their opening and responsive claim construction briefs (on January 30 and February 13, respectively). (*See* Dkt. Nos. 83, 84, 92 and 93.) The parties dispute the construction of 12 terms, not including the four additional terms that LG contends are indefinite. (*See generally,* Dkt. No. 83.) LG also moved early on for partial summary judgment that certain claim terms are indefinite and that certain patents-in-suit are not entitled to their claimed priority date and thus their claims are invalid. The hearing on claim construction and LG's motions for partial summary judgment is scheduled for April 26, 2018. (Dkt. No. 103.) At this time, that hearing is about a month away.

### B. The IPRs Challenge All Asserted Claims (Many On Multiple Grounds) And Will Likely Affect Claim Construction Issues.

LG filed IPRs on all of the claims at issue, for all of the four patents-in-suit.

On February 22, LG filed IPR petitions on the '924 patent (IPR2018-00674, **Ex. 1**.) and on the '743 patent (IPR2018-00673, **Ex. 2**).

A few days later, on February 27, LG filed two IPR petitions challenging the asserted claims from the '320 patent. (IPR2018-00704 and IPR2018-00705, **Ex. 3**.) In each petition, LG challenged every asserted claim. (*Id.* at pp. 6, 102.) Thus, for the '320 patent, the asserted claims are challenged through at least two separate grounds of unpatentability.

That same day, it also filed two petitions for IPR, challenging the asserted claims of the '351 patent. (IPR2018-00709 and IPR IPR2018-00710, **Ex. 4.**) In each petition, LG challenged every asserted claim. (*Id.* at pp. 6, 90.) Thus, the asserted claims in the '351 patent are also challenged by at least two separate grounds.

LG filed its IPR petitions within three months after Wi-LAN finally identified the 50 asserted claims at issue here. (Amended Infringement Contentions Cover Document,

**Ex. 5** at 3 (served Dec. 15, 2017).)

LG proposed claim constructions in several of the petitions. For example, for the '320 patent, LG sought construction of "non-contention." (Ex. 3 at p. 106.) The term in the '320 patent containing "non-contention" has also been designated as one of the most "significant terms" regarding claim construction in this case. (Joint Claim Construction Hearing Statement, Dkt. No. 63 at 3 (identifying "the non-contention reserved access identifier").)

Wi-LAN's preliminary responses (if it chooses to file them) will be due on or about June 8, 2018. *See* 37 C.F.R. § 42.107(b).[2] In a preliminary response, Wi-LAN may propose different constructions for the terms raised by LG and/or may request that different terms be construed. After this filing, the Patent Trial and Appeals Board's (the "Board") institution decision would be due by approximately September 8, 2018. *See* 35 U.S.C. § 314(b). The Board's final decisions must issue no later than September of 2019. *See* 35 U.S.C. § 316(a)(11).

### C. The Four Asserted Patents Claim Priority Back Many Years.

Wi-LAN alleges that the four asserted patents all relate to 4G LTE technology. (*See generally,* Dkt. No. 1.) Three of the four patents have different specifications, inventors, and priority dates.

The '924 and '743 patents are part of the same patent family. They are both continuations of U.S. Patent No. 6,925,068, filed May 21, 1999. The '924 and '743 patents thus each expire in a little over a year, by May 21, 2019. Despite claiming priority back to May of 1999, the '743 patent did not issue until November 15, 2016, ***17.5 years*** after the claimed subject matter was allegedly invented. The '924 patent issued on July 22, 2014, ***15 years*** after the claimed subject matter was allegedly invented.

The '320 patent is unrelated and has an entirely different specification from the

---

[2] The Notice of Accord of Filing Dates were issued on March 8, 2018 for the '924, '743 and '320 patents' IPR petitions. (Notice of Accord of Filing Dates, all attached as **Ex. 6**.) At this time, for the '351 patent petitions, Notice of Accord of Filing Dates have not been entered. These usually issue within a few weeks of the petition; it is expected that these will issue any day now.

other patents. It issued in December of 2015, **nine years** after the claimed subject matter was allegedly invented in the '320 patent.

Finally, the '351 patent is yet another unrelated patent with a wholly different specification. It issued in October of 2014, **11 years** after the claimed subject matter was allegedly invented.

### III. LEGAL STANDARDS

#### A. The Leahy-Smith America Invents Act (AIA) *Inter Partes* Review Process.

An *inter partes* review is a procedure introduced by the America Invents Act ("AIA") that permits the Board to review the patentability of one more claims of a patent under 35 U.S.C. §§ 102 and/or 103. *See, e.g., TAS Energy, Inc. v. San Diego Gas & Elec. Co.,* No. 12CV2777-GPC BGS, 2014 WL 794215, at *2 (S.D. Cal. Feb. 26, 2014). The AIA replaced the previous reexamination procedure with IPRs, "convert[ing] the process from an examination to an adjudicative one." *Id.* (citation omitted).

Importantly, if the Board issues a final decision affirming the validity of a claim, the petitioner is estopped from raising in civil litigation the same prior art "raised or that reasonably could have been raised during [the] inter partes review." 35 U.S.C. § 315(e)(2). Further, statements made by a patent owner during IPR proceedings may be used to support a finding of prosecution disclaimer during claim construction proceedings. *Aylus Networks, Inc. v. Apple, Inc.,* 856 F.3d 1353, 1359-62 (Fed. Cir. 2017).

#### B. A Stay Of Litigation Pending IPR Proceedings.

A district court has the inherent authority to manage its docket and to grant a stay of an action pending an IPR. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988). In this District, courts consider the following three factors when deciding whether to stay proceedings: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *Irori Techs., Inc. v. Luminex Corp.,* No. 13-CV-2647-BEN (JLB), 2014 WL

12279505, at *2 (S.D. Cal. July 16, 2014) (Benitez, J.) ("*Irori*") (citing *TAS Energy, Inc. v. San Diego Gas & Elec. Co.*, No. 12CV2777-GPC BGS, 2014 WL 794215, at *2 (S.D. Cal. Feb. 26, 2014)).

This Court, another court in this District, and other Courts in the Ninth Circuit have granted stays before the Board decides whether to institute an IPR on numerous occasions. *Irori,* (granting stay pre-institution decision); *TAS Energy,* 2014 WL 794215, at *3 (granting a stay in a pre-institution decision even though claim construction had already been briefed); *Oyster Optics, LLC, v. Ciena Corp.,* No. 17-cv-05920-JSW, slip. op. (N.D. Cal. Jan. 29, 2018) (**Ex. 7**); *Chrimar Sys. Inc v. Ruckus Wireless, Inc.*, No. 16-CV-00186-SI, 2016 WL 5403595, at *1 (N.D. Cal. Sept. 26, 2016) (granting a stay in pre-institution decision in a case involving four patents, even though the IPR petition was filed on the last day before one-year bar and after claim construction briefing had been completed); *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (granting a stay even though institution decisions were not due for "several months," claim construction briefing was completed, and a claim construction hearing had been held); *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-CV-05330-HSG, 2015 WL 1967878, at *1 (N.D. Cal. May 1, 2015) (granting a stay in a pre-IPR institution case even though claim construction was fully briefed).

### III.  ARGUMENT

#### A.  The IPRs Will Significantly Simplify The Issues In This Case And Reduce The Burden On This Court And The Parties.

The IPR petitions cover every asserted claim, and for two of the patents, the asserted claims are challenged on *multiple* grounds in *multiple* petitions. Thus, there is a significant chance that the IPRs will result in completely disposing of all issues in this case. However, even if some claims survive, the petitions for IPR will still drastically reduce the scope of this case.

This case currently involves four patents (only two of which are related) and nearly **50 asserted** claims. This is an unwieldy case for the Court and the Parties. Wi-LAN's

expansive assertions make this case particularly well suited for a pre-institution stay. "At a minimum, instituting a brief, limited stay of approximately five months to see whether and how the PTAB will act on Defendant's IPR petitions will conserve judicial resources and avoid inconsistent results." *Delphix Corp. v. Actifio, Inc.*, No. 13-CV-04613-BLF, 2014 WL 6068407, at *2 (N.D. Cal. Nov. 13, 2014) (finding this factor weighs in favor of a stay particularly where claims at issue were a "significant portion of th[e] action").

The proceedings will also significantly change the landscape of this case **no matter the outcome.** *See, e.g., Irori,* * 3 ("Even if the IPR does not invalidate any of the patent, the estoppel effect of the proceedings would simplify the arguments in this case."). Because of the unreasonable scope of this case as asserted by Wi-LAN, there are twelve disputed terms at issue in the claim construction proceedings. It is likely that the IPR proceedings may potentially moot many (if not all) of the claim construction issues. Further, Wi-LAN's statements, including any pre-institution statements, will become part of the patents' prosecution histories and may affect claim construction, noninfringement, and invalidity issues. *See Aylus Networks, Inc. v. Apple, Inc.,* 856 F.3d 1353, 1359-62 (Fed. Cir. 2017) (patent owner statements during IPR proceedings may be used to support a finding of prosecution disclaimer during claim construction proceedings). Therefore, in addition to the likelihood that many of the disputed terms will be mooted, for any remaining disputed terms, the prosecution history record may substantively change regarding those terms. *See, e.g., Oyster Optics, LLC,* slip. op. at *3-4 (Ex. 7) ("Even if the PTAB accepted review, but did not find all claims invalid, those rulings may also clarify claim construction positions for the parties, raise estoppel issues, and encourage settlement.").[3]

### B. The Court Has Not Entered A Post-Claim Construction Hearing Schedule, The Close Of Discovery Has Not Been Set, And There Is No Trial Date.

---

[3] The Parties have already briefed claim construction, and the Court has scheduled a hearing in one month, on April 26.

Although claim construction briefing is completed, there is still a significant amount of discovery and pre-trial procedure required. The Court has not yet entered a case schedule for this case following the claim construction hearing. This case has significantly more ahead of it, than behind it.

Additionally, no depositions have been taken and the parties are still exchanging documents. For depositions, there are nine different inventors across the four patents that will each most likely be deposed. Wi-LAN has also designated 10 other people in their initial disclosures, not including the "various attorneys" and "various…LG employees," not identified by name. (Wi-LAN's Initial Disclosures, **Ex. 8.**) Further, expert disclosures and expert discovery has not commenced.

As Courts in this Circuit acknowledge, this factor involves determining "whether discovery is complete and whether a trial date has been set." *Irori Tech.*, 2014 WL at *2; *FlowRider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No. 315CV01879BENBLM, 2017 WL 2349031, at *9 (S.D. Cal. May 26, 2017) (Benitez, J.) (same) (granting stay).[4] The focus is on these two significant milestones (trial date and close of discovery)—not on the amount of discovery that has occurred before these milestones are even in place. Here, neither of these milestones has been reached as discovery is nowhere near complete and a trial date is not set and will likely not be set for many more weeks (or months).

Another court in this District and numerous courts in this Circuit have granted stays before the Board has instituted an IPR in factually analogous circumstances:

- Court granted a stay pre-IPR institution despite being "in the midst of discovery," including having filed opening claim construction briefs, and noting that a "significant amount of work still remains such as expert discovery, summary judgment motions and trial" (*TAS Energy,* 2014 WL 794215, at *3) (S.D. Cal.);

- Court granted a stay pre-IPR institution even though claim construction was fully briefed, a deposition had been taken, and fact discovery was set to close in six months (*DSS Tech. Mgmt., Inc.,* 2015

---

[4] *See also, Security5, LLC v. Revolar, Inc.,* No. 16-CV-1645 DMS (JLB), 2017 WL 2424067, at *1 (S.D. Cal. June 2, 2017) (granting a stay pending *ex parte* reexamination (a much longer process than IPR) even though the claim construction hearing was only a month away and a trial date *had* been set)

8
CASE NO.  3:17-cv-00358-BEN-MDD
LG's Memo in Support of Motion to Stay Pending Inter Partes Review

WL 1967878, at *1) (N.D. Cal.);

- Court granted a stay pre-IPR institution and found this factor favored granting the stay, where parties had already submitted claim construction briefs and had even had a claim construction hearing. (*Finjan, Inc.,* 139 F. Supp. 3d 1032, 1035) (N.D. Cal.); and

- Court granted a stay pre-IPR institution and found this factor favored granting the stay, where IPR petitions were filed on the last possible day and the parties had "engaged in discovery and initiated the claim construction process" (*Chrimar Sys. Inc,* 2016 WL 5403595, at *1) (N.D. Cal.).

### C.  A Stay Will Not Cause Wi-LAN Any Undue Prejudice.

Wi-LAN also cannot credibly claim that it will suffer undue prejudice, or a clear tactical disadvantage, if this case is stayed. Wi-LAN is not a direct competitor of LG; in fact, it is not a competitor at all. *See, e.g., TAS Energy, Inc.,* 2014 WL 794215, at *5 ("The fact that the parties are not competitors weighs in favor of a stay as any harm from a stay can be addressed through damages."). Where the patent owner and accused infringer are not competitors, the patent owner "does not risk irreparable harm by defendants' continued use of the accused technology and can be fully restored to the *status quo ante* with monetary relief." *Software Rights Archive, LLC v. Facebook, Inc.*, No. C-12-3970 RMW, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013). Further, the patentee's argument that it would be prejudiced because it "has a strong interest[] in the timely enforcement of its patent rights" should be rejected because "every patent infringement action asserts such an interest." *DSS Tech. Mgmt., Inc.,* 2015 WL 1967878, at *1.

Further, Wi-LAN cannot claim prejudice from the timing of the filing of the IPR petitions. *See, e.g., DSS Tech. Mgmt., Inc.* at *1 (waiting until the end of the statutory period does not demonstrate undue prejudice to patentee). In this case, LG filed its IPR petition around two and a half months after Wi-LAN served its amended and final infringement contentions that identified the nearly 50 claims at issue. Two and a half months to compile and analyze the prior art and draft *six* petitions and supporting declarations is reasonable and not prejudicial.

Finally, Wi-LAN's and its predecessors' own choices during prosecution resulted in

the four asserted patents issuing over a *decade* after the alleged date of inventions. In view of Wi-LAN's claimed priority dates, Wi-LAN was obviously in no hurry to secure these patent rights. Any additional delay from a stay (or otherwise) cannot be used to demonstrate prejudice, given Wi-LAN's own delay. Relatedly, Wi-LAN never sought a preliminary injunction against LG. In short, Wi-LAN's actions demonstrate a tacit acknowledgement that it will *not* be irreparably harmed and that monetary damages are sufficient. *See, e.g., VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1320 (Fed. Cir. 2014) (A "patentee's delays in pursuing suit and seeking preliminary injunctive relief belie its claims that it will be unduly prejudiced by a stay.").

## IV.   CONCLUSION

LG respectfully requests that the Court stay this case pending *inter partes* review of the patents-in-suit, including staying the case pending institution decisions on all of the IPRs.

DATED:  March 28, 2018                    Respectfully submitted,


                                          GREENBERG TRAURIG, LLP


                                          By */s/ James J. Lukas, Jr.*
                                          James J. Lukas, Jr.
                                          Attorneys for Defendants LG Electronics, Inc.; LG Electronics U.S.A., Inc.; and LG Electronics Mobilecomm U.S.A., Inc.

# CERTIFICATE OF SERVICE

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

*Wi-LAN, Inc., etc. v. LG Electronics, Inc., etc.*
*USDC Case No. 3:17-cv-00358-BEN-MDD*

I am employed in the County of Cook, State of Illinois; I am over the age of 18 years and my business address is **77 West Wacker Drive, Suite 3100, Chicago, IL 60601.**

On March 28, 2018, I served **LG'S MOTION TO STAY THE CASE PENDING INTER PARTES REVIEW** on the interested parties in this action as follows:

| **Victor M. Felix**<br>Procopio Cory Hargreaves and Savitch LLP<br>525 B Street<br>Suite 2200<br>San Diego, CA 92101<br>(619) 515-3229<br>Fax: (619) 744-5409<br>Email: vmf@procopio.com<br><br>*Attorney for Plaintiffs* | **Christopher M. First**<br>**Eric J. Enger**<br>**Leslie V. Payne**<br>**Chris Limbacher**<br>Heim, Payne & Chorush LLP<br>1111 Bagby Street<br>Suite 2100<br>Houston, TX 77002<br>713-221-2000<br>Email: cfirst@hpcllp.com<br>      eenger@hpcllp.com<br>      lpayne@hpcllp.com<br>      climbacher@hpcllp.com<br><br>*Attorneys for Plaintiffs* |

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I filed the document(s) with the clerk of the court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 28, 2018, at Chicago, IL.

                              */s/ James J. Lukas, Jr.*
                              James J. Lukas, Jr.
                              Attorney for Defendants LG
                              Electronics, Inc.; LG Electronics
                              U.S.A., Inc.; and LG Electronics
                              Mobilecomm U.S.A., Inc.