1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

WI-LAN INC.; WI-LAN USA, INC.; & WI-LAN LABS, INC.,

Plaintiffs,

v.

LG ELECTRONICS, INC.; LG ELECTRONICS U.S.A., LG ELECTRONICS MOBILECOMM U.S.A., INC.,

Defendants.

Case No.: 17-cv-0358-BEN-MDD

**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING LG'S FIRST SET OF INTERROGATORIES**

**[ECF No. 107]**

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute, filed on March 28, 2017, presenting what the Court will construe as Defendant LG's motion to compel further answers to its second and third set of interrogatories, numbered 14-19, and Plaintiff Wi-LAN's motion for a protective order. (ECF No. 107). Plaintiff Wi-LAN asserts that each interrogatory has discrete subparts that, if counted as separate interrogatories as required by law, put LG beyond the 25 authorized under the Federal Rules of Civil Procedure. The Court will only address the number of Interrogatories presented by Interrogatories 14-19.

1

# LEGAL STANDARD

Rule 33, Fed. R. Civ. P., governs interrogatory practice.  Of relevance here, Rule 33(a)(1) provides that "a party may serve on any other party no more than 25 written interrogatories, **including all discrete subparts.**" Fed. R. Civ. P. 33(a)(1) (emphasis added).

Rule 33(a) does not define the term "discrete subparts." The only guidance provided in the Commentary states that a question about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each communication.  *Commentary to 1993 Amendment to Subdivision (a)*.  Courts have examined "whether the first question is primary and subsequent questions are secondary to the primary question.  Or, can the subsequent question stand alone?" *Kendall v. GES Exposition Servs.*, 174 F.R.D. 684, 685 (D. Nev. 1997); *see also Waterbury v. Scribner*, 2008 WL 2018432, at *2, No. 1:05-cv-0764 OWW DLB (E.D. Cal. May 7, 2008) ("Once a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated.").  "Determining whether an interrogatory counts as a separate question requires a pragmatic approach." *Id.* at *2; *Gibson Brands Inc. v. John Hornby Skewes & Co. Ltd.*, 2015 WL 12681376, at *4, No. CV 14-0609 DDP (SS) (C.D. Cal. July 20, 2015).

# DISCUSSION

## 1.  Interrogatory No. 14

This Interrogatory requires Wi-LAN to address two "TSR" terms and four "Considering Terms" in connection with the '351 patent and for each set

of terms answer five subparts. At a minimum, even though all of these terms derive from the '351 patent, as best the Court can tell, this is at least two Interrogatories. Prior to presenting the five subparts, LG asks Wi-LAN to provide the complete factual and evidentiary basis for Wi-LAN's contention that the Accused products and the 4G LTE standards meet the TSR Terms and the Considering Terms. If left at that, the Court would find that Interrogatory 14 only counts as two Interrogatories, one for each set of Terms. But, the five subparts go substantially beyond the rather standard contention questions presented.

Subpart (i) asks whether Wi-LAN is contending that the terms have plain and ordinary meaning to one skilled in the art. Subpart (ii) asks the related question of Wi-LAN's basis for its contentions regarding the meaning of the terms. These subparts ask discrete questions independent of whether Wi-LAN contends that the terms meet certain standards. Subpart (i) and (ii) constitute a single Interrogatory each for the TSR Terms and the Considering Terms. So, they count as two more interrogatories getting us up to four. Subpart (iii) asks Wi-LAN to differentiate between the Considering Terms and its limitations. That is another separate Interrogatory. We are up to five. Subpart (iv) asks Wi-LAN to provide the basis for its view that a certain Canadian patent application provides descriptive support for the TSR and Considering Terms and itself has two included subparts. At a minimum, we are up to seven. Subpart (v) asks for Wi-LAN's contention that four different sets of terms, the TSR and Considering Terms, the Selecting Term and the Allocating Term are met and disclosed by identified standards and LG's accused products. This is at least one more Interrogatory. At a minimum, therefore, Interrogatory 14 must be counted as eight separate Interrogatories.

17-cv-0358-BEN-MDD

### 2. Interrogatory 15

Interrogatory 15 is unintelligible beyond its first clause. The first clause asks Wi-LAN to state whether it contends that the '924 and '743 patents are essential to the IEEE 802.16 Wi-MAX standard. Simple enough, although the Court finds that it constitutes two Interrogatories (the inquiry about each patent stands alone and is not interdependent). After that, the Interrogatory is incomprehensible. The Court finds that Interrogatory 15 counts as two separate interrogatories and that Wi-LAN, if it must answer, need not respond to the subparts.

### 3. Interrogatory 16

The opening clause calls for Wi-LAN to provide the complete factual and evidentiary support for its contention that the accused products and the 4G LTE standards meet the terms "wireless cellular mobile unit" and "cellular telephone," as recited in patent numbers '924 and '743. Standing alone, it is but one interrogatory. LG, however, tacked on five subparts that each appears to be a separate and discrete inquiry. This interrogatory, therefore, counts as six.

### 4. Interrogatory 17

In this Interrogatory, LG asks Wi-LAN to support its contention that any asserted claim of the '924, '743, '351 and '320 patents was conceived and reduced to practice prior to the priority date asserted by Wi-LAN. This alone constitutes four Interrogatories. LG tells Wi-LAN how it wants Wi-LAN to respond, but those subparts do not appear to be independent questions. Consequently, this Interrogatory counts only as four.

### 5. Interrogatory 18

Wi-LAN is asked to identify, for each asserted claim of each Patent alleged to be infringed, the portions of the patents that provide a written

description of the claimed invention, the manner of making and using the invention and portions, and that enable one of skill in the art to make and use the invention. The Court finds that this constitutes a separate interrogatory for each patent-in-suit but that the subparts are not separate interrogatories. Assuming four patents-in-suit, this constitutes four interrogatories.

## CONCLUSION

LG's motion to compel, as presented in this Joint Motion, is **GRANTED IN PART**. Wi-LAN's motion for a protective order, as presented in this Joint Motion is **GRANTED IN PART**. Regarding Interrogatories 14-19, the Court finds that they represent at least 24 discrete interrogatories. If, as it appears, Wi-LAN previously responded to 13 Interrogatories, Wi-LAN need only answer the first 12 questions posed from this group.

**IT IS SO ORDERED.**

Dated: May 1, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge

17-cv-0358-BEN-MDD