FILED
MAY 22 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY             DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WI-LAN, INC. et al.,<br><br>                      Plaintiffs,<br>v.<br>LG ELECTRONICS, INC., et al.,<br>                      Defendants. | Case No.: 3:17-cv-00358-BEN-MDD<br><br>**ORDER GRANTING IN PART MOTION TO STAY PENDING INTER PARTES REVIEW** |
| LG ELECTRONICS, INC., et al.,<br>                      Counter Claimants,<br>v.<br>WI-LAN, INC. et al.,<br>                      Counter Defendants. | |

On February 22, 2017, Plaintiffs/Counter Defendants Wi-LAN, Inc., Wi-LAN USA, Inc., and Wi-LAN Labs, Inc. (collectively, "Wi-LAN") brought this patent infringement action against Defendants/Counter Claimants LG Electronics, Inc., LG Electronics, U.S.A., Inc., and LG Electronics Mobilecomm U.S.A., Inc. (collectively, "LG"). (Docket No. 1.) This action concerns the alleged infringement and validity of four patents purportedly owned by Wi-LAN. On January 9, 2018, LG filed its Second

1

3:17-cv-00358-BEN-MDD

Amended Answer and Counterclaims. (Docket No. 50.) LG asserts that every claim in all four of the disputed patents are subject to inter partes review ("IPR") petitions. As a result, LG filed the instant motion to stay pending inter partes review. (Docket No. 106.) The motion is fully briefed. For the reasons that follow, the motion is **GRANTED in part**.

## LEGAL STANDARD

A district court has discretion to stay proceedings pending conclusion of a Patent and Trademark Office ("PTO") reexamination. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Although a district court has the authority to stay pending reexamination, it is "under no obligation to stay proceedings pending parallel litigation in the [Patent Trial and Appeal Board ("PTAB")]." *Blacoh Fluid Controls, Inc. v. Syrinix, Inc.*, No. 17-CV-04007-NC, 2018 WL 1000688, at *1 (N.D. Cal. Feb. 21, 2018) (citing *Aylus Networks, Inc. v. Apple, Inc.*, No. 13-cv-04700-EMC, 2014 WL 5809053, at *1 (N.D. Cal. Nov. 6, 2014)).

Generally, in deciding whether to stay proceedings, a district court considers three factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *In re Cygnus Telecomms. Tech. LLC*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005). Judicial consideration is not limited to these factors, but rather can include a review of the "totality of the circumstances." *Am. GNC Corp. v. LG Elecs. Inc.*, No. 17-CV-01090-BAS (BLM), 2018 WL 1250876, at *2 (S.D. Cal. Mar. 12, 2018) (internal citation and quotation marks omitted).

## DISCUSSION

### I. Stage of Litigation

This case is still in an early stage of litigation. The parties attended an Early Neutral Evaluation and Case Management Conference on July 27, 2017. Claims construction opening briefs and responses have been filed, and a *Markman* hearing is

scheduled for June 28, 2018. But the Court has not set deadlines for the close of fact and expert discovery, dispositive motions, or trial. Thus, this factor weighs in favor of granting a stay. *See, e.g., Software Rights Archive, LLC v. Facebook, Inc.*, No. C-12-3970-RMW, 2013 WL 5225522, at *3 (N.D. Cal. Sept. 17, 2013) (stage of litigation factor weighed in favor of stay even after "over 150,000 pages of documents" had been produced).

## II. Simplification of Issues

Certainly, the PTO's review of the patents-in-suit will clarify and streamline the issues before this Court. LG has filed IPR petitions for reexamination of every asserted claim of the four patents-in-suit. Recently, the Supreme Court issued an opinion concluding that, once the PTAB grants review of an IPR petition, it is statutorily required to address *every* contested claim. *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1354 (2018). As a result, if IPR is instituted, the PTO will either (1) invalidate the asserted claims and reduce the number of issues before this Court, or (2) find the claims valid, in which case LG will be estopped from asserting those invalidity contentions here.

The PTO has yet to decide whether it will institute review on any of LG's six petitions.[1] Pursuant to 35 U.S.C. § 314 and 37 C.F.R. § 42.107, if Wi-LAN does not file a preliminary response, decisions on whether to institute IPR in four of the petitions are due within the first two weeks of June 2018. (Mot. at p. 4.) However, Wi-LAN's opposition indicates it will be filing preliminary responses, which means the PTO's decisions may not issue until September 2018 for the first four petitions. (*See* Opp'n at p. 2) ("The PTAB need not decide whether it will institute four of the six IPRs until September 2018, and the remaining two until October 2018.")

While review is not guaranteed and, therefore, the benefits of review are only speculative at this juncture, in light of the Supreme Court's mandate to review all

---

[1] Although the IPRs concern four patents, LG challenges two of the patents on two separate grounds. (Mot. at 3.)

contested claims upon grant of IPR and the complexity of this case, the Court finds this factor weighs in favor of a limited stay of proceedings until the PTO issues its decisions on whether to institute IPR. *Am. GNC Corp.*, 2018 WL 1250876, at *2 (Judicial consideration is not limited to these factors, but rather can include a review of the "totality of the circumstances.") (internal citation and quotation marks omitted).

### III. Undue Prejudice

When considering the "undue prejudice" factor, courts look for evidence of "dilatory motives or tactics." *Asetek Holdings, Inc. v. Cooler Master Co.*, No. 13-cv-457, 2014 WL 1350813, at *4 (N.D. Cal. Apr. 3, 2014) (quoting *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. 05-cv-03116, 2006 WL 708661, at *3 (N.D. Cal. Mar. 16, 2006)). In making this evaluation, courts have considered factors which include: (1) the timing of the reexamination request; (2) the timing of the request for stay; (3) the status of reexamination proceedings; and (4) the relationship of the parties. *Id.* (citation omitted).

Although this case was filed in February 2017, the pleadings only recently closed on January 9, 2018. Additionally, LG submitted evidence that they were not served with Wi-LAN's Amended Disclosure of Asserted Claims and Infringement Contentions until December 15, 2017. (Mot. at p. 3, Ex. 5.) Thus, even though LG filed its IPR petitions within days of the statutory deadlines, the Court is not persuaded that LG engaged in dilatory tactics.

LG moved for a stay approximately five weeks after filing its IPR petitions; as discussed above the PTO has not decided whether to institute IPR for any of the petitions. However, the parties are not competitors.[2] Moreover, the Court is not persuaded that Wi-LAN would suffer undue prejudice from a limited stay of proceedings until the PTO

---

[2] Wi-LAN attempts to argue that LG is a competitor because the parties had a long-running relationship as licensor-licensee and LG's counterclaims include anti-trust claims. (Opp'n at p. 14.) This argument is not persuasive; Wi-LAN has not offered any evidence other than its own conclusory accusation to establish its contention.

issues its decisions on whether to institute IPR. Therefore, this factor also weighs in favor of a limited stay.

## CONCLUSION

The Court has considered the relevant factors and concludes a limited stay of the proceedings is warranted. Although, the PTO has not yet decided whether to grant review of LG's petitions, the Court finds a limited stay would further promote the interests of justice and judicial economy. Fed. R. Civ. P. 1. Thus, based on the particular facts of this case and the stage of the IPR proceedings, the Court **GRANTS in part** LG's motion to stay. This action is **STAYED** pending the PTO's decisions regarding institution of LG's IPR petitions. All pending hearings before this Court are hereby **VACATED**.

LG is ordered to notify the Court within **two (2) days** of the PTO's grant or denial of IPR for each of the disputed patents. In addition, the parties shall appear for a status hearing on **October 9, 2018 at 10:30 a.m.**, at which time the Court shall determine whether the stay should be continued or terminated.

**IT IS SO ORDERED.**

DATED: May 21, 2018

HON. ROGER T. BENITEZ
United States District Judge