1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   WI-LAN, INC. et al.,                    Case No.:  3:17-cv-00358-BEN-MDD

12                              Plaintiffs,
                                             **ORDER LIFTING STAY AND**
13   v.                                      **GRANTING MOTION TO DISMISS**
                                             **FOR LACK OF SUBJECT MATTER**
14   LG ELECTRONICS, INC., et al.,           **JURISDICTION**

15                              Defendants.

16

17   LG ELECTRONICS, INC., et al.,

18                      Counter Claimants,

19   v.

20   WI-LAN, INC. et al.,

21                      Counter Defendants.

22

23        This action concerns the alleged infringement and validity of four patents

24   purportedly owned by Plaintiffs/Counter Defendants Wi-LAN, Inc., Wi-LAN USA, Inc.,

25   and Wi-LAN Labs, Inc. (collectively, "Wi-LAN").  On February 22, 2017, Wi-LAN filed

26   its initial complaint.  (Docket No. 1.)  On November 2, 2017, Wi-LAN filed a motion for

27   substitution of parties, wherein it represented the following:

28   ///

1   - On June 1, 2017, after it had acquired two companies, Wi-LAN, Inc. ("original
2   Wi-LAN, Inc.") changed its name to Quarterhill, Inc. ("Quarterhill") and formed a
3   new subsidiary entity called Wi-LAN, Inc. ("non-party Wi-LAN, Inc.").
4   - Quarterhill subsequently "transferred the right, title, and interest to all of the
5   patents-in-suit" to its newly created subsidiary non-party Wi-LAN, Inc.
6   (Docket No. 45 at p. 1.)

On March 28, 2018, while Wi-LAN's motion for substitution of parties was
pending, Defendants/Counter Claimants LG Electronics, Inc., LG Electronics, U.S.A.,
Inc., and LG Electronics Mobilecomm U.S.A., Inc. (collectively, "LG") filed a motion to
stay the action pending inter partes review.  (Docket No. 106.)

On May 15, 2018, the Court denied Wi-LAN's motion for substitution of parties.
(Docket No. 128.)  On May 21, 2018, the Court stayed this action pending the Patent and
Trademarks Office's decision on institution of inter partes review on the patents-at-issue
in this case.  (Docket No. 130.)

On May 23, 2018, LG filed the instant motion to dismiss for lack of subject matter
jurisdiction.  (Docket No. 129.)  Wi-LAN did not respond to LG's motion.  Because the
Court finds subject matter jurisdiction lacking, the stay is **LIFTED**,[1] and the action is
**DISMISSED**.

## LEGAL STANDARD

"It is a fundamental principle that federal courts are courts of limited jurisdiction."
*Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225
(9th Cir. 1989) (quoting *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374,
(1978)).  Under Rule 12(b)(1), a party can move a court to dismiss an action for lack of

---

[1] The Court lifts the stay to consider LG's motion because it has an independent obligation to confirm that it has subject matter jurisdiction.  *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action[.]'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))).

3:17-cv-00358-BEN-MDD

subject matter jurisdiction.  Fed. R. Civ. Proc. 12(b)(1).  In such a motion, the party asserting jurisdiction bears the burden to establish jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375 (1994) ("It is to be presumed that a cause lies outside [federal court] jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (internal citations omitted).

A Rule 12(b)(1) jurisdictional attack may be facial or factual.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  A facial attack asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  *See Safe Air v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004).  A Rule 12(b)(1) motion will be granted if, on the face of the complaint, and when considered in its entirety, the complaint fails to allege facts sufficient to establish subject matter jurisdiction.  *Id.*

In contrast, a factual attack is one that "relie[s] on extrinsic evidence and [does] not assert lack of subject matter jurisdiction solely on the basis of the pleadings."  *Id.* (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003)).  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."  *Id.* (citing *Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).  Additionally, the court need not assume the truth of the plaintiff's allegations, and "once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  *Id.* (quoting *Savage,* 343 F.3d at 1039 n.2.).

**DISCUSSION**

LG contends that on November 2, 2017, when Wi-LAN filed the motion for substitution of parties, it effectively admitted that it no longer had standing to assert the rights to the patents-at-issue as of June 1, 2017, when the original Wi-LAN, Inc. became Quarterhill and "transferred the right, title, and interest to all of the patents-in-suit" to

non-party Wi-LAN, Inc.  LG also contends that after the Court denied Wi-LAN's motion for substitution of parties, Wi-LAN has since failed to file any timely motions to seek reconsideration, join a party, or a new motion to substitute, and therefore dismissal for lack of subject matter jurisdiction is appropriate.  As noted above, Wi-LAN did not oppose LG's motion to dismiss.  The Court agrees with LG that subject matter jurisdiction is lacking.

"Standing to sue for infringement stems from the Patent Act, which provides: "'[a] patentee shall have remedy by civil action for infringement of his patent.'" *Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1264 (Fed. Cir. 2007) (quoting 35 U.S.C. § 281.)  "As defined in § 100(d), 'patentee' includes not only the patentee to whom the patent was issued but also 'the successors in title to the patentee.'" *Id.* (quoting 35 U.S.C. § 100(d)).   It is well established that a patentee or his assignee may grant and convey all or part of the ownership interest in the patent to another.  *Id.* (citing *Vaupel Textilmaschinen KG v. Meccanica Euro Italia, SPA,* 944 F.2d 870, 873 (Fed. Cir. 1991)). Generally, a claim for patent infringement may only be brought by the sole owner of the patent rights or by all of the partial owners.  *Id.* at 1264-65.

Here, LG presented evidence of Wi-LAN's own admissions to assigning all rights to all of the patents at issue in this dispute to a non-party.  LG also points out Wi-LAN filed its motion for substitution of parties *five months* after it appears to have lost standing.  Wi-LAN, the party bearing the burden of proof to demonstrate both standing and jurisdiction, has not offered any evidence to contradict LG's contentions, explain its delay in filing the motion for substitution of parties, or otherwise meet its burden to demonstrate the existence of its standing or this Court's jurisdiction.  Therefore, the Court construes Wi-LAN's silence as tacit agreement to LG's contentions.

Moreover, even if Wi-LAN retained any of its rights to the patents-at-issue, it appears joinder of the newer entity non-party Wi-LAN, Inc. would nevertheless be required for subject matter jurisdiction to exist.  *See Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1467 (Fed. Cir. 1998) ("An action for infringement must join as plaintiffs

4

all co-owners.") (citing *Waterman v. Mackenzie,* 138 U.S. 252, 255 (1891)).

Accordingly, LG's motion is **GRANTED** and this action is **DISMISSED**.[2]

## CONCLUSION

For all of the foregoing reasons, the Court **LIFTS** the stay in this action and finds Wi-LAN has not met its burden to establish the existence of subject matter jurisdiction. Therefore, LG's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**, and the case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

Dated: July 10, 2018

Hon. Roger T. Benitez
United States District Judge

_____

[2] Although LG's counterclaims are still pending, LG's motion and proposed order both request dismissal without prejudice of "the case," rather than just Wi-LAN's claims. The Court assumes LG also voluntarily dismisses its counterclaims.